### MILLER v. O'DWYER et al.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

NEW TRIAL—WHEN REFUSED—VERDICT ON CONFLICTING EVIDENCE.

Where the question was whether plaintiff agreed to give up the note of a third party in consideration of the note in suit, and refused to do so on demand, and the evidence of the parties was flatly contradictory, the question having been clearly and correctly presented to the jury, their verdict is conclusive, and a new trial will be denied.

Appeal from circuit court, New York county; MILES BEACH, Judge.

Action by Gustavus M. Miller against Charles J. and Edward F. O'Dwyer on a promissory note. Judgment for plaintiff. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. F. O'Dwyer*, for appellants. *Louis B. Schram*, for respondent.

VAN BRUNT, P. J. This action was brought to recover upon a promissory note made and indorsed by the defendants. The plaintiffs were payees of the note, and the defendant Edward F. O'Dwyer was the indorser. The allegation in the complaint was that such indorsement was made to secure credit with the plaintiffs to the amount of such note. It is urged that there was no proof whatever of this allegation, and it was further urged that no consideration was given for the note in suit, and consequently there was no question to go to the jury; and also that the proof showed, as far as the indorser was concerned, a diversion of the note, and that he was thereby discharged. It appears from the evidence in the case that the plaintiffs at the time of the giving of the note in suit were the holders of a note made by one T. W. O'Dwyer, which was unpaid; and it is claimed upon the part of the defendants that the note in suit was given upon a promise upon the part of the plaintiffs to return or give up to them the note of T. W. O'Dwyer, and that they refused so to do. Upon the part of the plaintiffs, however, it was claimed that the note in suit was given in payment of the T. W. O'Dwyer note, but that no demand was ever made upon them for the delivery of that note, nor was anything said about its being given up at the time of the giving of the note in suit. There was a sharp conflict of testimony in regard to the agreement as to the surrender and the refusal to surrender the O'Dwyer note, and this point was distinctly presented to the jury. They were instructed that if there was this agreement it had not been complied with, and the defendant was entitled to a verdict. If, however, the jury found that the plaintiffs' statement was correct, that the note in suit was given in payment of the O'Dwyer note, but nothing was said about giving it up, then there was a right to recover. The jury decided upon this issue in favor of the plaintiffs, and in this they prob-

ably came to an entirely correct conclusion; as it would appear from the record that this claim in respect to the failure to deliver the O'Dwyer note was rather an after-thought upon the part of the maker and indorser of the note in suit. The jury undoubtedly believed the plaintiffs' witness, who testified to the fact that no refusal had ever been made to deliver the first note, and that no demand whatever was made therefor; and there is no evidence that the plaintiffs ever made any claim upon the note of T. W. O'Dwyer after the time of the giving of the note in suit which they claimed to have received in payment of such note. There seems to have been no error committed in the course of the trial, and the judgment and orders appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concur.